IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                          )
                                                )
NATHAN JOSEPH SMITH,           )   Case No. 10-60388
                                                )
         Debtor.                           )

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS

The Chapter 7 Trustee objects to the Debtor's claimed exemption in his interest in a pension plan with the Missouri Public School Retirement System, which the Debtor acquired as a result of his mother's death. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1).

The Debtor was the beneficiary of his mother's pension plan with the Missouri Public School Retirement System (PSRS). According to the parties, when the mother passed away, the Debtor elected an option ("Option 2") under which he will be entitled to receive $549 per month, beginning September 2011, which is when the mother would have attained age 55. Payments will continue until the Debtor's death.

The Debtor listed his interest in the pension plan on his schedules with an unknown value and claimed it exempt pursuant to various provisions under Chapter 169 of the Missouri Statutes. The Trustee objects.

According to the evidence submitted at the hearing, PSRS is a public pension

plan created pursuant to Chapter 169 of the Missouri Statutes. According to counsel, the Debtor's interest in the pension fund stems from § 168.070.3(b), pursuant to which the Debtor chose the "Option 2," described above, at his mother's death. Counsel for the Debtor stated at the hearing that the Debtor was claiming the pension plan exempt under § 169.090 of the Missouri Statutes. That section, which applies to retirement systems in school districts of less than 300,000 population, provides:

> Neither the funds belonging to the retirement system nor any benefit accrued or accruing to any person under the provisions of sections 169.010 to 169.130 shall be subject to execution, garnishment, attachment or any other process whatsoever, nor shall they be assignable, except in a proceeding instituted for spousal maintenance or child support and as in sections 169.010 to 169.130 specifically provided.[1]

In sum, the Trustee asserts that, for bankruptcy purposes, this statute is not an exemption statute, as defined in the Eighth Circuit's decision in *In re Benn*.[2]

Missouri has opted out of the exemption scheme provided by the Bankruptcy Code by virtue of § 513.427 of the Missouri Statutes, which provides:

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title

---

[1] Mo. Rev. Stat. § 169.090

[2] 491 F.3d 811 (8th Cir. 2007).

11, United States Code, Section 522(d).[3]

Thus, Missouri residents in bankruptcy are restricted "to the exemptions available under Missouri law and under federal statutes other than 11 U.S.C. § 522(d)."[4]

In *Benn*, the debtors argued that their federal income tax refunds were exempt under this statute, essentially because creditors generally cannot reach such income tax refunds in the hands of the government pursuant to § 6402 of the Internal Revenue Code.[5] Because creditors cannot reach income tax refunds in the hands of the government, the debtors argued, such refunds were "exempt from attachment and execution" under federal law other than § 522(d) and, therefore, exempt in their bankruptcy case under § 513.427. They asserted that § 513.427 was not merely an opt out statute, but, in effect, defined forms of property that a debtor may exempt from his estate in bankruptcy. Therefore, they argued, any property that was not subject to attachment and execution under Missouri law or federal law other than § 522(d), was exempt in bankruptcy.

The Eighth Circuit disagreed, emphasizing the distinction between the words "*not subject to* attachment and execution" and "*exempt from* attachment and

---

[3] Mo. Rev. Stat. § 513.427.

[4] *In re Benn*, 491 F.3d at 813 (citation omitted).

[5] 26 U.S.C. § 6402.

execution." In order for property to be exempt in a bankruptcy case in Missouri, the Eighth Circuit said, the Missouri legislature must have expressly declared such property to be *exempt*, as it did in § 513.430, which provides that the property listed in that section "shall be exempt from attachment and execution." Other examples of express exemption statutes in Missouri include § 513.440 (which permits each head of family to "select and hold, *exempt* from execution, any other property . . . . not exceeding in value the amount of one thousand two hundred fifty dollars plus three hundred fifty dollars for each of such person's unmarried dependent children. . . .") (emphasis added); § 513.460 (which provides that firefighting equipment "shall be *exempt* from attachment and execution") (emphasis added); § 513.475 (which provides that a person's homestead shall be "*exempt* from attachment and execution") (emphasis added);[6] and § 287.260 (providing that worker's compensation "shall be *exempt* from attachment, garnishment, and execution. . . . .") (emphasis added).

As the Trustee here points out, § 169.090 does not use the word "exempt," but instead uses the phrase "not subject to." In distinguishing "exempt" from "not subject to," the Eighth Circuit said:

> "Exemption" is a term of art in bankruptcy, and we agree with the dissenting judge of the BAP that "[w]hile exemption may mean different

---

[6] *See In re Benn*, 491 F.3d at 813-14; *Benn v. Cole (In re Benn)*, 340 B.R. 905, 915 (B.A.P. 8th Cir. 2006) (Kressel, J., dissenting).

>things in different things, in different contexts, in the context of [11 U.S.C.] § 522, it refers to laws enacted by the legislative branch which explicitly identify property [that] judgment-debtors can keep away from creditors for reasons of public policy.[7]

At the hearing on the Trustee's objection to the exemption, the Debtor contended that the Missouri legislature clearly intended that teacher retirement funds be exempt, and I recognize that there may be reasons of public policy why the Missouri legislature might have intended teacher retirement funds to be exempt. Indeed, the Missouri legislature did create specific exemptions for certain other types of retirement plans, such as "nonpublic retirement plan[s]" and retirement plans qualified under certain federal tax statutes.[8] However, I found no evidence in the legislative history of § 169.090 that indicates that exempting teacher retirement plans in bankruptcy was the purpose of that statute.

As Judge Kressel pointed out in his dissent in the BAP's opinion in *Benn*, in some instances, a legislative body may take property out of the reach of creditors in order to benefit the entity holding the property, such as the IRS, or for some other reason, and not to benefit the debtor by providing an exemption in bankruptcy.[9] One

---

[7] *Id.* at 814 (quoting *Benn v. Cole (In re Benn)*, 340 B.R. 905, 914 (B.A.P. 8th Cir. 2006) (Kressel, J., dissenting)).

[8] Mo. Rev. Stat. § 513.430.1(10)(e) and (f).

[9] *Benn v. Cole*, 340 B.R. at 915.

example of that is § 358.250, which provides that "[a] partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership."[10] Clearly, this provision is not intended to protect the debtor-partner by providing an exemption; rather, it is intended to protect the partnership and other partners.

But, even if the Missouri legislature did intend for teacher retirement plans to be placed out of reach of creditors for the benefit of the retirees, the Eighth Circuit acknowledged in *Benn* that "that does not inexorably lead to the conclusion that the legislature would elect as a matter of policy to create an exemption that excludes that property *from the bankruptcy estate*."[11] Rather, the Eighth Circuit was quite clear that, in order to create an exemption for debtors in bankruptcy, the Missouri legislature must use that word. If the Missouri legislature intended for teacher retirement plans to be exempt in bankruptcy cases, it could have either said they were "exempt" in § 169.090, or included them within § 513.430, as it did with nonpublic retirement plans and retirement plans qualified under the Internal Revenue Code.

Finally, I recognize that at least one court has held that teacher retirement funds

---

[10] Mo. Rev. State. § 358.250.2(3).

[11] 491 F.3d at 816 (emphasis added; citation omitted).

6

are completely exempt in bankruptcy cases pursuant to § 169.090.[12] However, that case was decided before *Benn*, which changed the manner in which bankruptcy courts must analyze exemptions in Missouri.

In sum, I agree with the Trustee that, under *Benn*, § 169.090 is not an exemption statute for purposes of bankruptcy. Since the parties appear to agree that that is the applicable statute,[13] I find that the Debtor's interest in the pension plan is not exempt in his bankruptcy case by virtue of § 513.427. The Trustee's objection to the exemption is, therefore SUSTAINED.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 8/13/2010

---

[12] *See, e.g., In re Olson*, 108 B.R. 232, 233-34 (Bankr. W.D. Mo. 1989).

[13] I note that, although the Debtor has not claimed the retirement fund exempt under § 513.430.1(10)(f), a letter offered into evidence at the hearing indicated that the retirement fund was a "tax-qualified" public pension plan pursuant to § 401(a) of the Internal Revenue Code.